**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Fuhry,* **Slip Opinion No. 2017-Ohio-8813.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8813

DISCIPLINARY COUNSEL *v.* FUHRY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Fuhry,* Slip Opinion No. 2017-Ohio-8813.]**

*Attorneys—Misconduct—Violations of professional-conduct rules, including practicing law while under suspension and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Two-year suspension, with six months stayed on condition.*

(No. 2017-0489—Submitted May 3, 2017—Decided December 6, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-060.

_____

**Per Curiam.**

{¶ 1} Respondent, Gigi Hoang Fuhry, of Akron, Ohio, Attorney Registration No. 0071630, was admitted to the practice of law in Ohio in 1999.  On November 1, 2013, we suspended her from the practice of law based on her failure

to register as an attorney for the 2013/2015 biennium. *In re Attorney Registration Suspension of Fuhry*, 136 Ohio St.3d 1544, 2013-Ohio-4827, 996 N.E.2d 973. We imposed a second suspension on December 17, 2014, based on Fuhry's failure to comply with the continuing-legal-education ("CLE") and reporting requirements of Gov.Bar R. X. 141 Ohio St.3d 1407, 2014-Ohio-5542, 21 N.E.3d 1101. We reinstated her license to practice on November 16, 2015. *In re Reinstatement of Fuhry*, 144 Ohio St.3d 1432, 2015-Ohio-5363, 42 N.E.3d 766.

{¶ 2} On November 4, 2016, relator, Disciplinary Counsel, charged Fuhry with professional misconduct for continuing to practice law while her license was under suspension and making a false statement in an application to transfer her securities-industry registration and to relator in the course of relator's disciplinary investigation.

{¶ 3} A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 4} In their agreement, the parties stipulate that Fuhry failed to complete her required CLE and that, although she failed to open correspondence from this court, she was aware of her suspension from the practice of law in Ohio.

{¶ 5} On November 3, 2014, she was hired as staff counsel and director of institutional compliance by ValMark Securities in Akron, Ohio. As staff counsel, Fuhry provided legal advice to the company and drafted and revised contracts and agreements, including vendor and nondisclosure agreements. Her employer required her to be a member in good standing of at least one state bar, but her Ohio law license was under suspension when she accepted the job, and it does not appear that she is licensed in any other state. On December 4, 2014, Fuhry completed a Uniform Application for Securities Industry Registration or Transfer, falsely attesting that her authorization to act as an attorney had never been revoked or suspended. Her employer later filed the falsified application with the Financial Industry Regulatory Authority.

2

**{¶ 6}** On or about October 26, 2015, ValMark's chief legal counsel, Shelly Goering, noted that she had not received a request for reimbursement of Fuhry's attorney-registration fees. Goering checked this court's website and learned that Fuhry's license to practice law had been suspended since 2013. When confronted with that information, Fuhry said she would look into the matter. She later admitted to Goering that she had known about her license suspension and that she had delayed filling out the securities form because she knew that the form asked whether the applicant had ever had his or her license to practice law suspended. ValMark immediately terminated Fuhry's employment. Thereafter, Fuhry completed her CLE requirements, paid all fines associated with her suspensions, and applied for reinstatement of her license. Although we reinstated her license on November 16, 2015, she has not resumed the practice of law.

**{¶ 7}** Fuhry admits that her conduct violated Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction) and Gov.Bar R. VI(10)(C)(1) (prohibiting a lawyer from practicing law while under an attorney-registration suspension), Prof.Cond.R. 5.5(b)(2) (prohibiting a lawyer who is not admitted to practice in this jurisdiction from holding out to the public or otherwise representing that the lawyer is admitted to practice in this jurisdiction), 8.1(a) (prohibiting a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

**{¶ 8}** The parties stipulate that four aggravating factors are present in this case: prior discipline, acting with a dishonest or selfish motive, multiple offenses, and the submission of false statements or other deceptive practices during the disciplinary investigation. *See* Gov.Bar R. V(13)(B)(1), (2), (4), and (6). They also stipulate that the relevant mitigating factors are Fuhry's eventual full and free disclosure of her actions to the board and cooperative attitude toward the

3

disciplinary proceedings and the imposition of other penalties or sanctions (presumably her loss of employment). *See* Gov.Bar R. V(13)(C)(4) and (6).

**{¶ 9}** The parties stipulate that a two-year suspension with the final six months stayed is the appropriate sanction for Fuhry's misconduct. Of the cases they cite in support of that sanction, *Disciplinary Counsel v. Troller*, 138 Ohio St.3d 307, 2014-Ohio-60, 6 N.E.3d 1138, is most instructive.

**{¶ 10}** Troller continued to serve as in-house counsel for a corporation for more than six years after we suspended his license for registration and CLE violations. *Id.* at ¶ 5-8. We found that his conduct violated Prof.Cond.R. 5.5(a) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and the corresponding Disciplinary Rules of the Code of Professional Responsibility (the predecessor of the Rules of Professional Conduct), as well as former Gov.Bar R. VI(5)(C) (prohibiting an attorney from practicing law while under an attorney-registration suspension). *Troller* at ¶ 9.

**{¶ 11}** We found that aggravating factors included Troller's prior attorney-registration suspension and his pattern of misconduct involving multiple offenses. *Id.* at ¶ 11. And as mitigating factors, we noted Troller's history of community involvement, his good-faith effort to rectify his conduct once relator initiated his investigation, and his full cooperation in the disciplinary process. *Id.* Although we recognized that Troller had signed a contract with the Ohio Lawyers Assistance Program and received treatment for anxiety, we found that there was insufficient evidence for us to consider his disorder as a mitigating factor. *Id.* Weighing Troller's conduct, the limited nature of his practice during his suspension, and his cooperation throughout the disciplinary process, we found that a two-year suspension with six months stayed on conditions was the appropriate sanction. *Id.* at ¶ 16.

**{¶ 12}** Here, Fuhry engaged in the practice of law while under suspension for just a fraction of the time that Troller did. And while Troller kept his job, Fuhry was fired as a result of her misconduct. But Fuhry also misrepresented her disciplinary history on her securities form and made a false statement to relator in the initial stages of the disciplinary investigation.

**{¶ 13}** Based on the foregoing, we agree that Fuhry's conduct violated Prof.Cond.R. 5.5(a), 5.5(b)(2), 8.1(a), and 8.4(c) and Gov.Bar R. VI(10)(C)(1) and agree that a two-year suspension with the final six months stayed is the appropriate sanction for that misconduct. Therefore, we adopt the parties' consent-to-discipline agreement.

**{¶ 14}** Accordingly, Gigi Hoang Fuhry is suspended from the practice of law in Ohio for two years with six months stayed on the condition that she engage in no further misconduct. If Fuhry fails to comply with the condition of the stay, the stay will be lifted and she will serve the full two-year suspension. Costs are taxed to Fuhry.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Catherine M. Russo, Assistant Disciplinary Counsel, for relator.

Gigi Hoang Fuhry, pro se.

_____